UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SEVEN COUNTIES SERVICES, INC.     PETITIONER

v.     CIVIL ACTION NO. 3:14CV-330-S
BANKR. CASE NO. 13-31442
A.P. NO. 14-03003

NEXTGEN HEALTHCARE INFORMATION
SYSTEMS, INC., et al.     RESPONDENTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, NextGen Healthcare Information Systems, Inc., NextGen Healthcare Systems, LLC and Quality Systems, Inc. ("collectively, "NextGen") for an order withdrawing the reference of this Adversary Proceeding ("AP") to the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d) and Fed.R.Bankr.P. 5011. NextGen also seeks an order transferring the matter to the United States District Court for the Central District of California at Santa Ana.[1]

On April 4, 2013, the debtor, Seven Counties Services, Inc. ("SCS"), filed a petition in bankruptcy for Chapter 11 relief. In May 2013, NextGen filed a proof of claim in the bankruptcy case for the balance of payments purportedly due under a contract with SCS. On July 1, 2013, SCS terminated the contract, and on January 16, 2014, SCS commenced this AP to recoup the payments

---

[1] NextGen simultaneously filed a motion to dismiss in the Bankruptcy Court urging that the Adversary Proceeding was filed in an improper venue and that it fails to state a claim upon which relief can be granted. This motion appears to be directed to the Bankruptcy Court, as NextGen stated in footnote 1 that "If the District Court grants the Motion to Withdraw the Reference, this Court will not have jurisdiction to decide this Motion. However, this Motion is being filed at this time to preserve NextGen Healthcare's rights." We do not address that motion in this opinion.

it had already made plus additional damages purportedly incurred due to NextGen's alleged failure to provide products and services required by the contract.

According to SCS' version of the facts (DN 1), on September 16, 2011, SCS entered into a Software License & Services Agreement with NextGen for the implementation of a software platform that would assist SCS in managing its network of mental health treatment delivery. SCS paid NextGen $800,000 at the time the agreement was executed, and paid additional sums over the next two years. The total paid to NextGen exceeded $2 million. According to SCS, NextGen had represented that it was experienced in configuring such software systems and could customize a platform to SCS' needs. NextGen was allegedly incapable of fulfilling that obligation and breached its contract to do so. SCS contends that the contract was unfulfilled at the time SCS filed for bankruptcy and NextGen filed its proof of claim for the remaining balance. SCS moved, and the bankruptcy court ordered, that SCS' "executory contract" with NextGen was rejected. SCS ultimately replaced NextGen with another provider, requesting approval from the bankruptcy court to enter into another software license and service agreement.

NextGen has moved to withdraw the reference of this AP, urging that SCS seeks resolution of non-core, garden variety breach of contract claims. SCS counters that the matter is a core proceeding under 28 U.S.C. § 157, as the AP is directly responsive to NextGen's first-filed claim for collection of an alleged debt. (DN 1, pp. 509-510). NextGen notes that the bankruptcy court recently ordered its Proof of Claim withdrawn with prejudice, on NextGen's own motion. (Bankr. No. 13-31443-jal, DN 506). NextGen urges that the order vitiates SCS' argument against withdrawal of the reference, as SCS' AP is no longer responsive to any claim against the bankruptcy estate. Unfortunately, the law is not in NextGen's favor on this argument.

NextGen consented to the Bankruptcy Court's jurisdiction by filing a proof of claim against SCS.

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claim," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S., at 58-59, and n. 14, 109 S.Ct., at 2799-2800, and n. 14 (citing *Katchen, supra,* 382 U.S., at 336, 86 S.Ct., at 476). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. *Granfinanciera, supra,* 492 U.S., at 57-58, 109 S.Ct., at 2798-2700. As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial. 492 U.S., at 58-59, 109 S.Ct., at 2799. Accordingly, "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *id.*, at 58, 109 S.Ct., at 2799.

*Langenkamp v. Culp*, 498 U.S. 42, 44-45, 111 S.Ct. 330, 331, 112 L.Ed. 343 (1990), *citing Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

In this case, as in *In re Global Technovations, Inc*., 694 F.3d 705, 722 (6th Cir. 2012), there was a proof of claim filed in the bankruptcy estate. "Thus, the case is fundamentally unlike *Granfinanciera*, where the bankruptcy estate reached out to file a fraudulent-transfer claim against a party who had filed no claim against the estate." NextGen "brought itself voluntarily into the bankruptcy court. The state-law claim in this case...was [the debtor's] defense against [the] proof of claim." *Id.* As noted in *Global Technovations*, "It is crystal clear that the bankruptcy court had constitutional jurisdiction under *Stern* to adjudicate whether the sale...was a fraudulent transfer, because 'it was not possible...to rule on [the] proof of claim without first resolving' the fraudulent-transfer issue." 694 F.3d at 722, *quoting Stern*, 131 S.Ct. at 2616 (citing *Katchen v. Landy*, 382 U.S.

- 3 -

323, 329-30, 332-33, and n. 9, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966)). A creditor may retain its right to a jury trial only if the Proof of Claim is withdrawn prior to the filing of an adversary proceeding against it. *In re Christou*, 448 B.R. 859, 862 (N.D. Ga. 2011) *citing Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995); *In re 20/20 Sport, Inc.*, 200 B.R. 972 (Bankr.S.D.N.Y. 1996). In this instance, the Proof of Claim was admittedly withdrawn after "recognizing the unforseen alleged implications of the filing..." DN 10, p. 4.

With respect to withdrawal of the reference, the district court is vested with wide discretion. *In re Merv Properties, LLC*, No. 5:14-007-DCR, 2014 WL 201614 (E.D.Ky. Jan. 17, 2014).

In considering whether there is cause to withdraw the reference under 28 U.S.C. § 157(d), the court considers a variety of factors such as judicial economy, uniformity in bankruptcy administration, the reduction of forum shopping, economical use of parties' resources, expediting the bankruptcy process, and the presence of a jury demand. *Id., citing Big Rivers Elec. Corp. v. Green River Coal Co.,* 182 B.R. 751, 754 (W.D.Ky. 1995).

In support of its motion, NextGen urges that judicial economy would be served and its right to jury trial preserved by withdrawal of the reference. This court finds this contention to be without merit in light of NextGen's voluntary submission to the jurisdiction of the bankruptcy court and the corresponding loss of its jury trial right. The AP raises fraudulent conveyance claims which are core claims under 28 U.S.C. § 157(b)(2). The additional claims alleging various permutations of fraud and breach of contract, while traditionally non-core, arise from the same operative facts as the core claims over which the bankruptcy court has jurisdiction and the Proof of Claim NextGen itself filed. *See In re Iridium Operating LLC*, 285 B.R. 822, 830 (Bankr.S.D.N.Y. 2002). Despite its attempt to un-ring the bell, NextGen has consented to bankruptcy court jurisdiction and has no ground to

procure withdrawal of the reference by this court. *See, ie. In re Kimball Hill, Inc.*, 480 B.R. 894, 904 Bankr.N.D.Ill. 2012)(quoting *In re EXDS, Inc.*, 301 B.R. 436, 439-41 (Bankr.D.De. 20013) that "a creditor [cannot] for strategic reasons, reverse the result triggered by filing a proof of claim by later withdrawing the claim."). The motion for withdrawal of the reference will therefore be denied.

NextGen has moved for transfer of this matter to the Central District of California pursuant to 28 U.S.C. § 1404(a). The contract in question contains a forum selection clause in which the parties agree that

> This Agreement is made under, and in all respects shall be interpreted, construed and governed by, and in accordance with, the laws of the state of California without reference to the choice of law principles thereof. Any cause of action arising out of or related to this Agreement may only be brought in the local court of applicable jurisdiction in the State of California, Orange County, and You hereby submit to the exclusive jurisdiction and venue of such court.

DN 1, Ex. A, Agreement at § 26. In light of this court's exercise of its discretion to deny the requested withdrawal from the bankruptcy court, the court will leave consideration of the § 1404(a) transfer request for the bankruptcy court's consideration.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 11, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**